## G. C. Murphy Company, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Appellee.

Argued January 8, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Emil E. Narick,* with him *Anderson, Moreland & Bush,* for appellant.

*Jay Harris Feldstein,* with him *Mark A. Senick,* for appellee.

OPINION BY JUDGE WILKINSON, January 31, 1974:

This is an appeal from a final order of the Pennsylvania Human Relations Commission ordering appellant to tender an offer of full-time employment to a complainant and to pay the complainant the amount she would have earned from appellant from September 20, 1968, until October 1, 1970, at which time she began other employment, less any monies otherwise earned by complainant during the period. The action before the Commission had been instituted by complainant on June 30, 1970, by filing a complaint alleging appellant had violated Section 5, subsection (a) of the Act of October 27, 1955, P. L. 744, as amended, 43 P.S. §955(a), known as the Pennsylvania Human Relations Act, in that appellant on or about May 25, 1970, had refused to hire complainant because she was a Negro for a permanent full-time position for which she was qualified while hiring white employees.

Pursuant to the complaint, a public hearing was held at which complainant testified, as did a former investigator for the Commission. After these witnesses testified, the Commission rested and the appellant offered the testimony of the personnel director and a bookkeeper who did the work of the personnel director in the absence of the director.

Summarized very briefly, the testimony showed the complainant had applied for a full-time position with appellant on October 3, 1967. The application form showed she had experience in retail selling and restaurant work. Following appellant's usual practice, she was started at part-time work which she continued, intermittently, until the spring of 1970. Her work seems to have been satisfactory with the exception that she was not always available when she was needed. During this period, appellant hired three white females for full-time work in a restaurant it was opening and one white female to do retail sales work full time.

Appellant operates a retail store in Charleroi which employs about 25 persons. During the period here involved, one of these employees was a black female, other than complainant, and the others were white.

The Commission rests its case on the decision of the Supreme Court of the United States in *McDonnell-Douglas Corporation v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). This was an action based on an alleged violation of Section 703(a)(1) of the Civil Rights Act of 1964, 42 U.S.C.A. 2000e-2(a)(1), which prohibits discriminatory employment practices. This Section provides: "It shall be an unlawful employment practice for an employer . . . (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ."

The action before this Court, as indicated above, is based on an alleged violation, not of the Civil Rights Act of 1964, but rather of the Pennsylvania Human Relations Act which provides: "It shall be an unlawful discriminatory practice, unless based on a bona fide occupational qualification, . . . (a) for any employer because of the race . . . of any individual to refuse to hire or employ . . . or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions, or privileges of employment, *if the individual is the best able and most competent to perform the services required.*" Act of October 27, 1955, P. L. 744, as amended, 43 P.S. §955(a).

*McDonnell-Douglas v. Green, supra,* is properly cited by the appellee as standing for the proposition that a prima facie case of racial discrimination is made by complainant under the Civil Rights Act of 1964 when it is shown:

(1) She belongs to a racial minority;

(2) She applied and was qualified for a position for which the employer was seeking applicants;

(3) She was rejected;

(4) After rejection, the employer continued to accept applications. Counsel for the Commission argued that here the complainant met the requirements of *McDonnell-Douglas,* and that appellant had not come forward with sufficient evidence to overcome the prima facie case. That might have very well been correct if the charge had been as it was in *McDonnell-Douglas,* but it was not. It was a charge under the Pennsylvania Human Relations Act which has the additional requirement that the complainant be "the best able and most competent to perform the services required." This requirement was completely ignored in the presentation of complainant's case and is not mentioned anywhere in the findings of fact or conclusions of law of the Commission.

The requirements of the Pennsylvania Human Relations Act on this point were clearly set forth by Judge CRUMLISH in *Romain v. Middletown Area School District*, 1 Pa. Commonwealth Ct. 419, 275 A. 2d 400 (1971). That case was a much stronger case for appellee than the instant one, for in *Romain*, the Commission had found as a fact that the complainant was best qualified. The majority of the Court held that there was no substantial evidence in the record on which to base the finding. Judge, now Justice, MANDERINO, dissenting, would have held that there was substantial evidence in the record to support the finding. However, all were agreed that there had to be both substantial evidence and a finding that the complainant was the best qualified. Here, there was neither.

Accordingly, we enter the following

### ORDER

Now, January 31, 1974, the order of the Pennsylvania Human Relations Commission, dated June 22, 1973, is vacated and the complaint dismissed.